USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _1/27/2022___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MADELYN TAMAREZ,

                                    Plaintiff,

                  -against-

KATHLEEN HOCHUL, GOVERNOR, *et al.*,

                                    Defendants.

21-CV-10678 (GHW)

ORDER OF SERVICE

GREGORY H. WOODS, United States District Judge:

        Plaintiff Madelyn Tamarez, who is a pretrial detainee and currently incarcerated in the

Bedford Hills Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that her

transfer from the Rose M. Singer Center on Rikers Island to Bedford Hills, while her criminal

proceedings are pending, violated her constitutional rights. The complaint names as defendants

New York State Governor Hochul, former New York City Mayor de Blasio, New York City, and

more than 25 individuals, including city and state correction officers and officials. Plaintiff seeks

appointment of counsel, declaratory and injunctive relief, and money damages. By order dated

January 14, 2022, the Court granted Plaintiff's request to proceed without prepayment of fees, that

is, *in forma pauperis* (IFP).[1]

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought by

prisoners who seek relief against a governmental entity or an officer or employee of a governmental

entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion

of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted
permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

### A.    Defendants against whom Plaintiff fails to state a claim

A plaintiff proceeding under 42 U.S.C. § 1983 must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff names more than 25 individual defendants without alleging any facts showing how they were personally involved in the events underlying her claims. As discussed below, the Court orders service on four defendants (New York City Department of Correction Commissioner Louis Molina, New York City, the New York State Department of Corrections and Community Supervision, and Governor Kathy Hochul).[2] Plaintiff's claims against the other named defendants are dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff leave to file an amended complaint. Should she wish to do so, and names any of the individual 25 defendants dismissed in this order she must state facts showing their personal involvement in violating her rights.[3]

## B.   Motions

### 1.   Injunctive relief

Plaintiff has requested preliminary injunctive relief. To obtain such relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an

---

[2] Plaintiff names former DOC Superintendent Vincent Schiraldi.

[3] Some of the defendants are not properly named in a suit under Section 1983. For example, Plaintiff sues Meghan Phiffer, who is affiliated with a private non-profit organization, but there are no facts in the complaint suggesting that she is a state actor or that she acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48–49 (1988) (holding that to state a claim under Section 1983, a plaintiff must allege that her rights were violated by a person acting under the color of state law, or a "state actor."). Bedford Hills and Rikers Island are also not proper defendants. *Rivera v. Rikers Island, C-74*, No. 02-CV-1560 (PKC) (FM), 2004 WL 1305851, *1 (S.D.N.Y. May 13, 2004) (Rikers Island not a proper defendant); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of Section 1983). In any amended complaint, Plaintiff must name individuals who are state actors who were personally involved in violating her rights.

extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear

showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506,

510 (2d Cir. 2005) (internal quotation marks and citation omitted).

The Court finds that Plaintiff's complaint fails to show (1) a likelihood of success on the

merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for

litigation and a balance of hardships tipping decidedly in her favor.  Accordingly, Plaintiff's request

for preliminary injunctive relief is denied without prejudice to renewal at a later date.

### 2.      Pro bono counsel

The factors to be considered in ruling on an indigent litigant's request for counsel include

the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts

and present the case if unassisted by counsel.  *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir.

1989); *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986).  Of these, the merits are "[t]he factor

which command[s] the most attention." *Cooper*, 877 F.2d at 172.  Because it is too early in the

proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied

without prejudice to renewal at a later date.

## C.      Order of Service

### 1.      Waiver of service on city defendants

The Court directs the Clerk of Court, under Federal Rule of Civil Procedure 25(d), to

substitute former DOC Commissioner Vincent Schiraldi with current DOC Commissioner Louis

Molina.  The Clerk of Court is further directed to notify the New York City Department of

Correction (DOC) and the New York City Law Department of this order.  The Court requests that

Defendants DOC Commissioner Louis Molina and the City of New York waive service of

summons.

### 2.    Order of service on state defendants

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on

the Court and the U.S. Marshals Service to effect service.  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d

Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . .

in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the

plaintiff is authorized to proceed IFP)).  Although Rule 4(m) of the Federal Rules of Civil

Procedure generally requires that summonses and the complaint be served within 90 days of the

date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and

the complaint until the Court reviewed the complaint and ordered that summonses be issued.  The

Court therefore extends the time to serve until 90 days after the date summonses are issued.  If the

complaint is not served within that time, Plaintiff should request an extension of time for service.

*See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to

request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010)

("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the

defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an

extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Governor Hochul and the New York

State Department of Corrections and Community Supervision[4] through the U.S. Marshals Service,

the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form

("USM-285 form") for each of these defendants.  The Clerk of Court is further instructed to issue

---

[4] In light of Plaintiff's *pro se* status and clear intention to assert claims against the New York State
Department of Corrections and Community Supervision (DOCCS), the Court construes the
complaint as asserting claims against DOCCS and directs the Clerk of Court to amend the caption
of this action to add DOCCS as a defendant. *See* Fed. R. Civ. P. 21. This amendment is without
prejudice to any defenses that DOCCS may wish to assert.

summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to amend the caption of this case as follows: (1) replace former New York City Department of Correction Commissioner Vincent Schiraldi with current DOC Commissioner Louis Molina, *see* Fed. R. Civ. Proc. 25(d); and (2) add as a defendant the New York State Department of Corrections and Community Supervision, *see* Fed. R. Civ. P. 21.

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants New York City Department of Correction Commissioner Louis Molina and the City of New York waive service.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Governor Kathy Hochul and the New York State Department of Corrections and Community Supervision (DOCCS) and deliver all documents necessary to effect service to the U.S. Marshals Service.

Plaintiff's claims against the other defendants are dismissed for failure to state a claim on which relief may be granted. Plaintiff may replead her claims should she wish to do so. An "Amended Complaint" form is attached to this order. Plaintiff's requests for injunctive relief and *pro bono* counsel are denied without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP is denied for the purpose of an appeal. *Cf. Coppedge v.*

*United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated:   January 27, 2022
         New York, New York

_____
GREGORY H. WOODS
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1.      Kathleen Hochul
        Governor of the State of New York
        NYS State Capitol Building
        Albany, New York 12224

2.      New York State Department of Corrections and Community Supervision
        The Harriman State Campus, Building 2
        1220 Washington Avenue
        Albany, New York 12226

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


                        -against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED
COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore _not_ contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include _only_: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.      LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial              Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                  Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____